UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYRON A. MANIER, | ) No. CV-04-0444-CI |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION FOR SUMMARY JUDGMENT |
| v. | ) DISMISSAL AND DENYING AS |
| | ) MOOT PLAINTIFF'S MOTION FOR |
| SGT. COOK, SGT. MICHAELSON, | ) INJUNCTIVE RELIEF |
| DEPUTY SMITH, and DEPUTY PIETZ, | ) |
| Defendants. | ) |

BEFORE THE COURT is Defendants' Motion for Summary Judgment dismissal, noted for hearing without oral argument on September 12, 2005. (Ct. Rec. 27.) Also before the court for expedited hearing is Plaintiff's Motion for Injunction. (Ct. Rec. 50.) Plaintiff is proceeding pro se; Spokane County Deputy Prosecuting Attorney Robert B. Binger represents Defendants. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 15.)

A court Order dated March 11, 2005, directed service of Plaintiff's Complaint, which seeks monetary relief for Defendants' alleged use of excessive force, and injunctive relief directing transfer to another facility and enjoining contact with named Defendants. (Ct. Rec. 11, 48.) Plaintiff has since advised the court he was transferred to the Washington Corrections Center on July 14, 2005. (Ct. Rec. 43.) Thus, his prayer for injunctive

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 1

relief is **DENIED AS MOOT.** Plaintiff also sought injunctive relief, directing officials at the Washington Corrections Center (WCC) to provide him access to the law library, pen, paper and carbon. This court has no jurisdiction over officials at the WCC because they are not named in the present Complaint. Notwithstanding, in addition to numerous other pleadings filed since his transfer, Plaintiff filed a reply brief on September 21, 2005. Therefore, any injunctive relief involving denial of access to courts as it relates to the preparation of this case, to the extent this court has jurisdiction to address it, is **DENIED AS MOOT.**

On May 2, 2005, Plaintiff was advised as to summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999) (Ct. Rec. 21); Plaintiff has responded to Defendants' Motion.[1] (Ct. Rec. 53-63.) After a review of the pleadings and the record, the court **GRANTS** Defendants'

---

[1] The court has reviewed and considered the following pleadings filed by Plaintiff: Court Records 54-63, Various Statements in Opposition to Defendants' Affidavits in Support of Summary Judgment Dismissal; Ct. Rec. 53, Statement of Facts in Opposition to Summary Judgment; Ct. Rec. 52, Memorandum in Opposition to Motion for Summary Judgment; Ct. Rec. 51, Letter from Plaintiff dated September 1, 2005; Ct. Rec. 49, Letter from Plaintiff to Courtroom Deputy; Ct. Rec. 48, Letter from Plaintiff to Magistrate Judge Imbrogno; Letter dated September 19, 2005, and received September 22, 2005; Ct. Rec. 73, Plaintiff's Responsive Memorandum filed September 21, 2005.

Motion for Summary Judgment Dismissal and **DENIES** Plaintiff's Emergency Motion.

**FACTS**

In his First Amended Complaint, Plaintiff alleges that on October 21, [2004], he refused to "lock up" at the Spokane County Jail until he spoke with supervisory staff. As a result, he alleges Officer Smith pointed a yellow Taser gun about three inches from his face and gave him a directive to turn around and get down on the ground. As he attempted to follow the directive, Plaintiff further alleges Officer Pietz unnecessarily clipped him from behind causing Plaintiff's upper torso and left knee to slam against the ground. Plaintiff also alleges he was then handcuffed by Officer Pietz in an "erratic fashion" when there was no need to do so. Plaintiff further alleges Sgt. Cook and Sgt. Michaelson arrived to investigate and as Plaintiff began to explain, Officer Smith, in their presence, used the Taser on Plaintiff's upper left buttock and the middle of Plaintiff's back. As Plaintiff was assisted back to his cell, Plaintiff alleges Officer Pietz kicked out Plaintiff's right ankle causing his right leg to buckle and "forearmed" Plaintiff's head and face against a desk in the cell, causing injury. Plaintiff then was confined by straps to a restraining chair.

Defendants move for summary judgment dismissal, contending the use of force was reasonable when Plaintiff refused to obey an order to return to his cell and consent to a pat down search; they further contend the force used was in conformity with jail procedures including its Continuum Ladder of Force.[2] Following the incident,

---

[2] See Ct. Rec. 34, Hill Aff. at 5, Policy 1.06.01, Continuum

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 3

Defendants contend Plaintiff was provided medical assistance, including antibiotic ointment for cuts, a split lip and Taser burns. He also was scheduled for a dental appointment for treatment of his chipped tooth, but refused to attend that appointment.

Plaintiff admits he became angry and verbally abusive when Defendant Gossard refused to notarize two documents on October 21, 2004, but asserts he already was subdued prior to use of the Taser. (Ct. Rec. 55, 58, 59.) Additionally, he contends the Continuum Ladder of Force was not followed based on his compliance with jail officials prior to use of the Taser (Ct. Rec. 53) and that it would have been impossible for him to fight back after being subdued with the Taser. (Ct. Rec. 53, 55, 56.) He contends Defendant Smith pointed the Taser at his face, not his chest. (Ct. Rec. 53.) He also asserts he was treated for a swollen left knee with ice packs through the next morning (Ct. Rec. 61) and his refusal to attend the dental appointment was within his right to refuse medical treatment. (Ct. Rec. 54.) Finally, he contends in various affidavits that Defendants' recitation of the facts was inconsistent and fabricated.

## SUMMARY JUDGMENT

FED. R. CIV. P. 56(c) states a party is entitled to summary judgment in its favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has carried the burden under Rule 56,

---

Ladder of Force.

the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot merely rest on the pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Affidavits, depositions, answers to interrogatories and admissions are sufficient to raise a material question of fact. *Celotex*, 477 U.S. at 324. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). The court will examine the direct and circumstantial proof offered by the nonmoving party and the permissible inferences which may be drawn from such evidence. A party cannot defeat a summary judgment motion by drawing strength from the weakness of the other party's argument or by showing "that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim." *T.W. Electric Service Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987); *see also, Triton Energy Corp v. Square D. Company*, 68 F.3d 1216 (9th Cir. 1995).

## 42 U.S.C. § 1983

To demonstrate a claim under 42 U.S.C. § 1983, Plaintiff must allege and prove (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person subjects

another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To hold a defendant liable for damages, the wrongdoer must personally cause the violation. *Leer*, 844 F.2d at 633. There is no respondeat superior liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, a supervisor is liable under § 1983 only if he/she "participated in or directed the violation, or knew of the violation and failed to prevent it." *Id*. If damages are sought, sweeping conclusory allegations against a prison official will not suffice; an inmate must set forth specific facts as to each individual defendant's participation. *Leer*, 844 F.2d at 634.

**EIGHTH AMENDMENT**

The affidavit produced by Sgt. Anderton (not a defendant in this action), discloses he was called to 6 East at the Spokane County Jail on October 21, 2004, to assist when an inmate (Plaintiff) refused to lock down. When he arrived at the dayroom, he observed several officers ordering Plaintiff to get down on the floor. As he began to kneel down, Sgt. Anderton saw Plaintiff come back up again. Sgt. Anderton used his hands to push him forward and down to the floor in conformance with the Continuum Ladder of Force Step 3, Level 1. Plaintiff started to kick and move around so Sgt. Anderton was able to pin his waist to the ground by pressing his right knee into Plaintiff's buttocks. Plaintiff continued to thrash his upper body, so Defendant Smith (who was trained and is qualified to use the Taser, Ct. Rec. 34-1, Hill Aff.) used the Taser in a "drive-stun technique." (Continuum Ladder of Force Step 4, Level

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 6

1.) Sgt. Anderton was able to gain control of Plaintiff's legs and handcuffed him. Two Taser shots were fired as evidenced by the data download, one at 15:47:32 and again at 15:47:39,[3] seven seconds apart.[4] Plaintiff was then sufficiently subdued to be escorted to his cell, where Officer Pietz began to pat search him as Plaintiff stood in the back of the cell next to the desk. Sgt. Anderton states Plaintiff began to yell, then lunged forward, striking his head on the wall in front. He kicked backward and struck Officer Pietz, knocking him backward. Sgt. Anderton used an elbow strike[5]

---

[3] Each time the Taser is fired, the time of firing is recorded in its electronic memory, information that is retrievable for later review. (Ct. Rec. 34, Hill Aff. at 4.)

[4] Each time the Taser is fired, the electric current lasts for five seconds, causing incapacitation ("dazed") for several seconds or minutes. (Ct. Rec. 34, Hill Aff. at 3, 19.) It also is possible for the trigger of the Taser to be held down continuously, emitting electric current until the trigger is released. (Ct. Rec. 34, Hill Aff. at 20.) Based on the download data, that was not done here. Additionally, it is recommended the Taser be fired at the victim's back; exposure to the face, throat or groin should be avoided. (Ct. Rec. 34, Hill Aff. at 23.) Although Plaintiff alleged his face was exposed to the Taser, based on the medical findings, residual marks indicated the shots were to the back area. (Ct. Rec. 51, Victim Witness, att. clinical notes by Dr. Kennedy.)

[5] An elbow strike is an appropriate use of force when an inmate

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 7

with his right arm to force Plaintiff's head and shoulders down to the desk level and pinned him there. (Continuum Ladder of Force Step 4, Level 2.) Officer Smith placed the Taser on Plaintiff's right shoulder, but did not activate it. (Ct. Rec. 39. Smith Aff.) Officer Pietz regained control of Plaintiff's right side, and together with Sgt. Anderton, was able to seat Plaintiff on the floor. Pursuant to Policy 3.04.02.A (restraint of inmate who has attempted self harm[6]), Plaintiff was then carried downstairs and placed in a restraint chair, with a spit net over his head. Nurse St. Pierre arrived to check the straps; Plaintiff shook and rocked the chair while she was there. (Ct. Rec. 30, Aff. Sgt. Anderton; Ct. Rec. 38, Pietz Aff.; Ct. Rec. 40, St. Pierre Aff.)

Dr. Kennedy examined Plaintiff on October 22. He noted split lip, broken tooth, cut to the right eye, with Taser marks in the middle of his back and minor abrasions on his right front shoulder. (Ct. Rec. 51, Victim Statement, att.) Plaintiff's left knee was slightly swollen. No additional medical treatment was necessary other than continuing Plaintiff's use of Naprosyn.

The use of excessive force by a prison official violates a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. An Eighth Amendment violation occurs only when a prison official applied force "maliciously and sadistically to cause harm."

---

presents a threat of substantial bodily harm to self or others. (Ct. Rec. 34, Hill Aff.)

[6]Plaintiff admits he has made "past and present" suicide attempts. (Ct. Rec. 55, at 4.)

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 8

*Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To determine whether the use of force was wanton and unnecessary, relevant factors include: "the extent of injury suffered [,] . . . the need for application of force, the relationship between that need and the amount of force used, the threat [to the safety of staff and inmates] 'reasonably perceived by the responsible officials,' and 'any efforts to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

There is no Eighth Amendment violation if "force was applied in a good-faith effort to maintain or restore discipline." *Id.* Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Whitley*, 475 U.S. at 322-23. The infliction of pain in the course of implementing prison security measures does not amount to cruel and unusual punishment even though it may appear, in hindsight, the degree of force was unreasonable. *Whitley,* 475 U.S. at 319. An allegation of cruel and unusual punishment should proceed to trial only if the evidence supports a reliable inference the prison official intended to inflict pain. *Whitley*, 475 U.S. at 322.

It is undisputed the incident in question began when Plaintiff became angry because Defendant Gossard would not notarize legal documents because the papers involved actions against county employees. (Ct. Rec. 51, Victim Statement; Ct. Rec. 33, Gossard Aff.). It also is undisputed Plaintiff refused to return to his cell when ordered to do so and was verbally abusive. (Ct. Rec. 51, Victim Statement; Ct. Rec. 33, Gossard Aff.)

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 9

1   The Ninth Circuit has held the use of a Taser is not per se unconstitutional. *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988). However, its use is not without restriction. "[T]he appropriateness of the use must be determined by the facts and circumstances of the case." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984), *cert. denied*, 470 U.S. 1085 (1985). A legitimate prison policy of carrying Tasers to enforce discipline and security would not warrant their use when unnecessary or "for the sole purpose of punishment or the infliction of pain." *Id.* at 1270.

If the evidence, viewed in a light most favorable to Plaintiff, would support a finding of excessive force, Defendants would not be entitled to summary judgment dismissal. However, here the undisputed evidence does not raise a material question of fact under the Eighth Amendment standard. Specifically, Plaintiff's decision not to return to his cell as ordered, his admitted verbal abuse, Defendants' use of two Taser shots rather than a continuous trigger, the decision not to Taser Plaintiff a third time, the minor injury suffered, and Plaintiff's admitted history of self harm, would compel a finding by a jury that Defendants' use of force was within the scope of policy for the purpose of maintaining and restoring order at the jail, protecting the officers involved, and preventing Plaintiff from self harm. There is no evidence to create a material question of fact Defendants' subjective intent was to inflict serious pain. *Whitley*, 475 U.S. at 322. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for injunctive relief **(Ct. Rec. 50)** is **DENIED AS MOOT.**

2.  Defendants' Motion for Summary Judgment dismissal **(Ct.**

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL AND DENYING AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF - 10

**Rec. 27)** is **GRANTED**.  Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

    3.   The District Court Executive is directed to file this Order and provide a copy to Plaintiff and counsel for Defendants. Judgment shall be entered for Defendants and the file shall be **CLOSED.**

DATED October 4, 2005.

                          S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE